UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| RILEY DYSON BIRO,<br>          *Petitioner*,<br><br>     v.<br><br>DIRECTOR OF THE VA DOC,<br>          *Respondent.* | 1:22-cv-1210-MSN-JFA |

<u>MEMORANDUM OPINION</u>

Petitioner Riley Dyson Biro, a Virginia inmate proceeding *pro se*, filed three petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254, each of which challenged one of three related June 13, 2022, convictions in the Circuit Court of Loudoun County, Virginia.[1] The federal petitions were dismissed on January 11, 2023, without prejudice, for failure to exhaust. The Fourth Circuit reversed the dismissals and remanded the petitions on September 13, 2023, *see* ECF 13, and show cause orders were entered in each case on November 16, 2023.

On December 7, 2023, the Respondent filed motions to consolidate the habeas actions, which Biro joined. *See Biro I*, ECF 20, 29; *Biro III*, ECF 22, 31. On December 18, 2023, the Respondent filed Rule 5 answers and motions to dismiss in each case, with supporting briefs and exhibits. *Biro I*, ECF 21–23; *Biro II*, ECF 20–22; *Biro III*, ECF 23–25. Biro responded on January 2, 2024. *Biro I*, ECF  29–32; *Biro III*, ECF 31–34. He also filed motions to amend his petitions to raise only three claims. *Biro I*, ECF 34; *Biro II*, ECF 17; *Biro III*, ECF 36. On February 23, 2024, Biro's motions to amend were granted, the three habeas petitions were consolidated, and the consolidated matter is proceeding in *Biro III*. ECF 39. Accordingly, this matter is now ripe for

---

[1] *Biro I*, Case No. 1:22-cv-1208, challenged his conviction for assault on a law enforcement officer; *Biro II*, Case No. 1:22-cv-1209, challenged his conviction for violation of a protective order; and *Biro III*, Case No. 1:22-cv-1210, challenged his conviction for obstruction of a law enforcement officer.

disposition. For the reasons that follow, the Respondent's motion to dismiss must be granted and the consolidated petitions must be dismissed with prejudice.

## I.    Petitioner's Pending Motions

Pending before the Court are three non-dispositive motions filed by Biro: to appoint counsel, ECF 35; to have the transcripts prepared, ECF 41; and to expedite the decision in this case, ECF 44. Having reviewed the motions, as well as the state court records and pleadings filed in this matter, the Court finds the motions have no merit and will be denied.

### A.    Motion to Appoint Counsel

A petitioner seeking habeas corpus relief in the federal courts has no right to counsel. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Although the Court has discretion to appoint counsel if it "determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), counsel should only be appointed under "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Biro has presented no such exceptional circumstances. In addition, appointment of counsel is not required in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). At present, the claims before the Court do not require discovery and concern matters of record that do not require a hearing.

### B.    Motion for Transcripts

Biro seeks to have his trial proceedings transcribed, arguing that it is necessary "to both the state's procedural defense and the merits of [his] claims." ECF 41 at 1. He claims the transcripts would allow this Court "to see . . . that Biro asserted his right to a speedy trial and that the state caused the delay."[2] *Id.* He further argues that the transcripts would show that his appellate waiver

---

[2] An indigent defendant is entitled to a copy of his trial transcript for direct appeal. *See Griffin v. Illinois*, 351 U.S. 12, 19–20 (1956). Here, however, Biro waived his right to appeal and he seeks the transcript in relation to defaulted claims in his federal habeas proceeding. Moreover, as noted below, the record that exists is adequate for review of Biro's

is inadequate. *Id.*

The present record already establishes that Biro raised the speedy trial issue at trial. CCT at 201–02.[3] Specifically, Biro's counsel filed motions to dismiss on April 6, 2022, and December 30, 2021, asserting that the prosecution had violated Biro's speedy trial rights. *Id.* at 630–38. Moreover, as discussed below, the default relied upon by the Respondent in his motion to dismiss is not that Biro failed to raise the speedy trial claim at trial, but that he failed to pursue the speedy trial issue on direct appeal, which he waived. ECF 25 at 12. The trial transcripts are not relevant to the default issue advanced by Respondent.

Regarding Biro's appellate waiver (contained in his dispositional plea agreement), the circuit court's June 13, 2022, sentencing order found that the waiver was freely and voluntarily entered. CCT at 53. And, although Biro mentioned the appellate waiver in the amended state habeas petition he filed in the Supreme Court of Virginia on January 31, 2023, ECF 25-5, the voluntariness of his appellate waiver was not one of the five allegations of trial error raised in the amended petition, *id.* at 29–30. Nor did the amended state petition allege any claims of ineffective assistance of counsel.

During the proceedings on the amended state habeas petition, Biro mentioned the appellate waiver a second time in a pleading dated February 14, 2023, in which he admitted that, although counsel advised him that he could "still be exonerated by filing a petition for habeas corpus in the original jurisdiction of an appellate court," he knew agreeing to the appellate waiver would be defaulting "factual and procedural issues . . . by waiving his right to appeal." *Id.* at 61. On

---

claims. *See infra* at 14–17.

[3] References to the state circuit court record, *Commonwealth v. Biro*, Case No. 36545, are denoted by "CCT at ___." The Court does not separately reference the other records because they are largely composed of the same documents. The case numbers for each conviction are as follows: Case No. 36540, the assault on a law enforcement officer in violation of Virginia Code § 18.2-57 on April 7, 2021; Case No. 36544, violation of a protective order in violation of Virginia Code § 18.2-60.4 on March 15, 2021; and Case No. 36545, obstruction of a law enforcement officer in violation of Virginia Code § 18.2-57 on March 15, 2021.

March 15, 2023, the Supreme Court of Virginia found Biro's state habeas claims were defaulted because he had not raised the claims on appeal. ECF 25-5 at 149.

On May 3, 2023, about six weeks after his state habeas was dismissed, Biro filed a "Motion to Modify Judgment under Va. Code 8.01-677," in the circuit court. This motion was the first time he sought relief based on the appellate waiver, arguing that he had only agreed to waive his right to appeal "due to coercion and incessant pressure from co-counsel Alex Levay and under the *pretense of a false promise that he could be exonerated through petition for a writ of habeas corpus*." CCT at 22 (emphasis added); *see also id.* at 31 ("believing that habeas corpus was an alternative to appeal due to Levay's faulty advice, [Biro] agreed to the agreed disposition that would strip him of his ability to appeal"). The circuit court denied his motion on August 23, 2023, *id.* at 9, and Biro did not appeal.[4] Biro defaulted this allegation of ineffective assistance of counsel, which rendered it defaulted and exhausted.[5] *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless maybe treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). Because it is defaulted, it cannot serve as "cause" to excuse his default.[6] Consequently, the transcripts he seeks are irrelevant to the issues

---

[4] *See* Virginia's Judicial System, https://www.vacourts.gov/ (last viewed July 19, 2024) (Case Status and Information Tab, Circuit Court Tab, Loudon Circuit Court Tab, Civil Tab, search, "Biro, Riley"). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g.*, *Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

[5] In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). "To comply with the exhaustion requirement, a state prisoner 'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Id.* (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

[6] *Powell v. Kelly*, 531 F. Supp. 2d 695, 723 (E.D. Va. 2008), *aff'd*, 562 F.3d 656 (4th Cir. 2009) (where a petitioner for federal habeas relief seeks review of claims defaulted during state habeas proceedings, he must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it.) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452–53).

*Martinez v. Ryan*, 566 U.S. 1 (2012), recognized a narrow exception for defaulted claims of ineffective assistance of

presented by the motion to dismiss and Biro's motion will be denied.

        *C.*    *Motion to Expedite*

Biro seeks to have the Court's decision in his case expedited because he hopes a decision in his favor would vacate his convictions, which would result in those convictions not being considered at an unrelated sentencing scheduled for March 30, 2024—or at least allow him to present a more favorable motion for bond pending appeal. ECF 45. A district court has "'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The motion to expedite is moot and will be denied.

## II.    Procedural History

A jury convicted Biro of assault and battery of a law enforcement officer, the violation of a protective order, and obstruction of justice; three other convictions were terminated by dismissal as part of Biro's dispositional plea agreement with the prosecutor. ECF 25-1. By final order dated June 13, 2022, the trial court sentenced him to two years in prison, with one year suspended, for the assault and battery of a law enforcement officer conviction; thirty days in jail for the obstruction of justice conviction; and thirty days in jail for the violation of a protective order conviction. *Id.* at 2, 4. In accordance with his dispositional plea agreement, Biro did not appeal his convictions.[7]

---

counsel in a state, such as Virginia, where a prisoner is not allowed to raise an ineffective assistance of counsel claim on direct appeal. To meet the narrow exception, a prisoner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . that the claim has some merit." 566 U.S. at 15. Biro could not raise a substantial claim because he admits that, based upon his discussions with counsel, he knew his appellate waiver would result in the default of "factual and procedural issues;" and his attorney had told him he would be defaulting "factual and procedural issues . . . by waiving his right to appeal." ECF. No. 25-5 at 6.

[7] On January 3, 2022, prior to the disposition of the criminal cases and the filing of his habeas petition in the Supreme Court of Virginia, Biro filed a *pro se* habeas petition in the circuit court. The circuit court dismissed this matter on May 22, 2024 for failure to prosecute. *Biro v. Chapman*, Case No. CL2100652300. *See supra n.5; see also* Va. Code Ann. § 8.01-335 ("any court in which is pending an action, wherein for more than two years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued."). The circuit court habeas petition listed three claims: 1) "Speedy trial violation;" 2) "Judicial misconduct;" and 3) "Denied exculpatory evidence as a result of Commonwealth's vindictive, unlawful, and

On September 8, 2022, the trial court found Petitioner violated the terms of his probation, ECF 25-3,[8] and on September 30, 2022, the court revoked supervision and imposed the remaining one year of Biro's suspended sentence for the assault and battery of a law enforcement officer. ECF 25-4. Biro, by counsel, filed an appeal in the Court of Appeals of Virginia, which was dismissed on January 18, 2024. *Biro v. Commonwealth*, Record No. 1609-22-4 (Va. Ct. App. Jan. 18, 2024). ECF 42.[9]

On October 11, 2022, the Supreme Court of Virginia received Biro's handwritten "Original Jurisdiction Petition for [H]abeas Corpus." ECF 25-5. On October 13, 2022, the clerk acknowledged receipt of the habeas petition but noted that it had not been filed because the petition did "not substantially comply with the format required by the Code § 8.01–655." *Id.* at 18. The clerk stated that "[u]pon receipt of the proper form, [the petition] will be matched with the papers already received and forwarded to the Court for its review." *Id.*

On January 23, 2023, Biro, proceeding *pro se*, executed a petition for a writ of habeas corpus, which he filed in the Supreme Court of Virginia on January 31, 2023. *Id.* at 24–45. The petition raised the following claims:

a) Biro's conviction of and sentence for violating a protective order is unlawful because the 14th Amendment and 42 U.S.C. § 1981 protected his right, while proceeding *pro se* in a protective order as Respondent/Appellant, to serve interlocutory process on the Petitioner/Appellee.

b) Biro's conviction of and sentence for obstruction of justice is unlawful because his statements to Loudoun County Sheriff's Deputy Ashley Frye were not criminal threats in the context of the 1st Amendment.

---

unprofessional tactics." ECF 25-2 at 3. The circuit court habeas petition was submitted as an exhibit, along with Biro's motion to amend his state habeas petition in the Supreme Court of Virginia. *Id.* at 71–147.

[8] The Fourth Circuit's remand order found that each of Biro's three federal habeas petitions challenged the "original criminal proceedings" and not the subsequent "revocation proceedings." ECF 13 at 3–4.

[9] The appeal concerned the remaining portion of Biro's sentence imposed on September 30, 2022. The Court of Appeals of Virginia's Order dismissing Biro's appeal found it was moot because he had fully satisfied his sentence, noting that "the Commonwealth [had] submitted an affidavit from the Virginia Department of Corrections (VDOC) stating, 'Biro was released from custody of the VDOC after fully satisfying his sentence on February 6, 2023.' Having fully satisfied his original sentence, the trial court cannot now impose on Biro any active time." ECF 42 at 6.

c) Biro's conviction and sentence for obstruction of justice is unlawful because it is a double jeopardy violation.

d) Biro's conviction and sentence for assault on a law enforcement officer is unlawful because the trial court violated his 6th Amendment right to trial by jury and 14th Amendment right to due process of law by refusing to instruct the jury on self-defense despite evidence in the record to support the defense's theory of self-defense.

e) Biro's convictions and sentences for violation of a protective order, obstruction of justice, and the assault of law enforcement are unlawful because his 6th Amendment right to a speedy trial was violated.

*Id.* at 29–30.[10]

On March 15, 2023, the Supreme Court of Virginia granted Biro's motion to amend his habeas petition, *id.* at 149, and then found that the claims Biro raised in "the petition for writ of habeas corpus filed on January 31, 2023, and as amended" were "barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." *Id.* (citing *Brooks v. Peyton*, 171 S.E.2d 243, 246 (Va. 1969)).

On October 25, 2022, Biro filed three separate § 2254 habeas petitions in this Court. Following the consolidation of the three federal habeas cases, and the granting of Biro's motions to amend, ECF 39, his federal claims are as follows:

1) "Due process protects" Biro's rights as a *pro se* litigant in a "protective order respondent . . . to send court papers to" the opposing party;

2) The "1st Amendment limits the state's ability to criminalize the verbal abuse of a police officer"; and

3) Biro's "6th Amendment right to a speedy trial was violated."

*Biro I*, ECF 34 at 1; *Biro II*, ECF 17 at 1; *Biro III*, ECF 36 at 1.[11]

---

[10] Biro was released from custody on February 6, 2023, ECF 25-5 at 28, 62, and the following week, on February 14, 2023, he sent an "amended petition" to the Supreme Court of Virginia that was received on February 16, 2023. *Id.* at 48–70. The February 16, 2023, version of the habeas petition raised the same five claims, in a slightly different order, and rephrased several of the claims. *Id.* at 63–65. On March 6, 2023, Biro submitted copies of his state circuit court habeas petition (Case No. CL21–6523), and other pleadings related thereto, as exhibits in support of his habeas petition in the Supreme Court of Virginia. ECF 25-5 at 134–48.

[11] A district "court must consider claims as they are presented in the petition, reviewing them under the applicable standard" and it is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes*

III.     **Jurisdiction**

Respondent moves to dismiss the claims challenging the convictions for obstruction of justice and violation of a protective order, arguing that Biro had satisfied those two sentences before he filed his federal habeas.[12] *Biro II*, ECF 22 at 8–10; *Biro III*, ECF 25 at 9 (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). Respondent's argument does not address the aggregate sentence doctrine established in *Peyton v. Rowe*, 391 U.S. 54, 64–65 (1968).

Here, Biro was tried for seven offenses and convicted of six of those offenses by a jury in a three-day trial that ended on April 8, 2022. CCT at 66–71. After trial, the prosecutor and Biro entered into a dispositional plea agreement that resulted in the termination of two threatening to burn *convictions* by the entry of a *nolle prosequi* on the motion of the prosecutor;[13] the termination of an obstruction of justice *conviction* by the entry of a *nolle prosequi* on the motion of the prosecutor;[14] and a sentencing agreement for the remaining three convictions. CCT at 90–93; 52–55. Biro was placed on good behavior for three years and sentenced to one year of active probation upon his release. Biro's sentences were consecutive, and he was in custody serving the revoked one-year sentence at the time he filed his habeas petitions. *See Garlotte v. Fordice*, 515 U.S. 39, 40–41 (1995) ("for purposes of habeas relief, consecutive sentences should be treated as a continuous series; a prisoner is 'in custody in violation of the Constitution,' we explained, 'if any consecutive sentence [the prisoner is] scheduled to serve was imposed as the result of a deprivation

---

*v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022) (citations omitted); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

[12] Respondent does not argue the Court lacks jurisdiction to consider the assault and battery of a law enforcement officer conviction. *Biro I*, ECF 23.

[13] The threat to burn convictions, Virginia Code § 18.2-83, were Class 5 felonies punishable by "a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Va. Code Ann. § 18.2-10(e).

[14] An obstruction of justice conviction, Virginia Code § 18.2–460, is a Class 1 misdemeanor punishable by "confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both." Va. Code Ann. § 18.2-460(a).

of constitutional rights.'") (quoting *Peyton*, 391 U.S. at 64–65); *see also Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986) (per curiam) (recognizing that jurisdictional prerequisites for habeas review are satisfied if defendant is subject to a suspended sentence carrying a threat of future imprisonment); *Wojtycha v. Hopkins*, 517 F.2d 420, 423–24 (3d Cir. 1975) (holding that a person serving probation as a condition of a suspended sentence is in custody for habeas purposes). As *Garlotte* held, a petitioner may challenge "a sentence already served," where that sentence "ran first in a consecutive series" of sentences because under *Peyton* a petitioner "remains 'in custody' under all of his sentences until all are served, and . . . may attack the conviction underlying the sentence scheduled to run first in the series" even though it has already been served. 515 U.S. at 41. Accordingly, the Court has jurisdiction over each of Biro's three convictions.

## IV.    Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. *See* 28 U.S.C. § 2254(b); *Granberry v Greer*, 481 U.S. 129 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must also present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Merely presenting the claim does not satisfy exhaustion because a state prisoner does not "fairly present" a claim for exhaustion purposes if the claim is raised in "a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Baker v. Corcoran*, 220 F.3d 276, 291 (4th Cir. 2000) ("The Supreme Court held that the exhaustion requirement is not satisfied when a claim is presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.") (cleaned up).

Exhaustion requires that not only must a claim be exhausted but "both *the operative facts and the controlling legal principles*" upon which a petitioner relies must have been exhausted as well. *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002) (emphasis added) (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). The requirement that facts be exhausted is an important aspect of exhaustion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA limits federal habeas "review under § 2254(d)(1) . . . to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see Muhammad v. Clarke*, No. 1:11cv345, 2012 U.S. Dist. LEXIS 10129, 2012 WL 259869, *4 (E.D. Va. Jan. 26, 2012) (where a petitioner attempts to allege unexhausted facts, the federal court must defer to the state court's finding) (citing *Kasi*, 300 F.3d at 501–02; *Pinholster*, 563 U.S. at 182–83), *appeal dismissed*, 474 F. App'x 979 (4th Cir. 2012). *Pinholster* emphasized "that the record under review is limited to the record in existence at that same time—*i.e.*, *the record before the state court*." *Id.* (emphasis added). The Fourth Circuit found that the reasonableness of a state court decision is evaluated "'in light of the evidence presented in the State court proceeding.'" *Porter v. Zook*, 898 F.3d 408, 422 (4th Cir. 2018) (citing 28 U.S.C. § 2254(d)).

Here, it is not disputed that Biro's federal habeas claims were raised in the state habeas petition dismissed by the Supreme Court of Virginia. Biro, however, did not raise the claims in "a procedural context" that allowed the Supreme Court of Virginia to consider the merits of each claim. His failure resulted in that court finding his claims were "barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." ECF 25-5 at 149 (citing *Brooks*, 210 Va. at 321–22). Federal courts "are not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." *Williams v. French*, 146 F.3d 203, 208–09 (4th Cir. 1998) (citing *Harris v. Reed*, 489 U.S. 255, 262 (1989)); *see Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) ("A state procedural rule is adequate if it is regularly

or consistently applied by the state court, and is independent if it does not depend on a federal constitutional ruling. We have recognized that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.") (cleaned up).

*Brooks* has consistently been found to be an independent and adequate state law ground barring consideration of the claim in federal habeas.[15] *See Bass v. Clarke*, No. 7:22cv259, 2023 U.S. Dist. LEXIS 130931, *29 (W.D. Va. July 28, 2023); *Williams v. Clarke*, No. 1:18cv1541, 2020 U.S. Dist. LEXIS 48973, *8–9 (E.D. Va. Mar. 18, 2020) ("Virginia's reliance on *Brooks* is an independent and adequate state law bar to this Court's review"), *appeal dismissed*, 818 F. App'x 296 (4th Cir. 2020); *see Smith v. Murray,* 477 U.S. 527, 533 (1986) ("Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding.") (citing as examples *Coppola v. Warden of Virginia State Penitentiary*, 282 S.E.2d 10 (Va. 1981); *Slayton*, 205 S.E.2d 680 (Va. 1974)).[16] The finding of default pursuant to the rule in *Brooks* by the state habeas court is an independent and adequate state law ground that precludes federal review of Biro's defaulted claims

---

[15] *Brooks* is akin to the more oft cited *Slayton v. Parrigan,* 205 S.E.2d 680 (Va. 1974), which cited *Brooks* and applied the same rule that *Brooks* applied—that "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." *Id.* at 682 (citing *Brooks*, 171 S.E.2d 243, 246 (1969); *Smyth v. Bunch*, 116 S.E.2d 33, 37–38 (Va. 1960)).

[16] *See Johnson v. Muncy*, 830 F.2d 508, 511–12 (4th Cir. 1987) (discussing *Slayton v. Parrigan*) (citing *Brooks* and like cases); s*ee, e.g.*, *Grueninger v. Dir., Virginia Dep't of Corr.*, No. 3:21cv786, 2022 U.S. Dist. LEXIS 115490, *7, 11 (E.D. Va. June 29, 2022) ("*Brooks* constitutes an adequate and independent state procedural rule" that the state court applied, which barred review of the petitioner's claims of speedy trial violations, double jeopardy, prosecutorial vindictiveness, and "burden of proof") (citations omitted), *appeal dismissed*, No. 22-7242, 2023 U.S. App. LEXIS 23130, *2 (4th Cir. Aug. 31, 2023), *cert. denied*, No. 23-6581, 2024 U.S. LEXIS 1322, *1 (U.S. Mar. 18, 2024); *Parker v. Booker*, No. 7:19cv00568, 2020 U.S. Dist. LEXIS 136317, *13 (W.D. Va. July 31, 2020) (holding *Brooks* is an adequate and independent state law ground that precluded federal review of the petitioner's claim the evidence was insufficient to support his conviction); *Washington v. Clarke*, No. 2:17cv231, 2018 U.S. Dist. LEXIS 222950, *18 (E.D. Va. Oct. 15, 2018) (federal review of a claim the evidence was insufficient barred by state habeas court's finding that the claim was defaulted under *Brooks* "'because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal'"), *adopted by*, 2019 U.S. Dist. LEXIS (E.D. Va. Mar. 18, 2019), *appeal dismissed*, 813 F. App'x 897 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1087 (2021); *Hilton v. Dir. of Dept. of Corr.*, No. 2:16cv135, 2016 U.S. Dist. LEXIS 184244, *8 (E.D. Va. Dec. 7, 2016) ("The application of the rule specified in *Brooks v. Peyton* constitutes an adequate and independent state law bar.") (citation omitted), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 23200, (E.D. Va. Feb. 17, 2017), *appeal dismissed*, 694 F. App'x 203 (4th Cir. 2017).

in federal habeas absent a showing of cause and prejudice for the default. *Prieto v. Zook*, 791 F.3d 465, 468 (4th Cir. 2015) (citing *Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997)).[17]

"Under the doctrine of procedural default, absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000) (cleaned up). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990).

In order to show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). A fundamental miscarriage of justice is a narrow exception to the cause requirement, "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." *Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004) (citation omitted). Importantly, a court need not consider the issue of prejudice in the absence of cause. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995).

Biro's Claims 1–3 (due process right to serve opposing parties; First Amendment limits the state's ability to criminalize the verbal abuse of a police officer; and Sixth Amendment right to a speedy trial) were raised in state habeas as Claims (a), (b), and (e). Biro was aware of this because he was present in circuit court when the speedy trial motions were argued, and the facts associated with the other two claims were part of the conduct comprising the offenses that were

---

[17] *See Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) (affirming district court's finding that federal habeas claim was defaulted, noting the rule in *Slayton* procedurally defaults claims raised in state habeas "that could have been raised on direct appeal, but were not," and holding that such claims could not "be raised for the first time on state collateral review").

tried in court while he was present. Therefore, despite being aware of the facts associated with each of his three claims before he was convicted on April 8, 2022, CCT at 66–71, and being advised by his counsel that by agreeing to the appellate waiver he would be defaulting "factual and procedural issues . . . by waiving his right to appeal," ECF 25-5 at 61, Biro entered into a dispositional plea agreement in which he waived his right to appeal. On May 5, 2022, Biro executed the agreement which read, in relevant part, that he agreed that he would "not pursue an appeal of the convictions in [his] case, and [that he] hereby waive[d] [his] right to appeal those convictions." CCT at 90. At sentencing, the circuit court considered the dispositional plea agreement, reviewed it, asked Biro questions about it, and determined that the agreement was "freely and voluntarily" made. *Id.* at 53.

As cause to excuse his defaults, Biro argues that *Brooks* is not an adequate and independent state ground that prohibits federal review; that his attorney was ineffective because counsel abandoned him after sentencing and counsel had coerced him into agreeing to the dispositional sentencing agreement in which he waived his right to appeal; and that he is actually innocent of assaulting the police officer because it was self-defense. ECF 32 at 1–2; 34 at 1–8. Biro's argument that the rule in *Brooks* (that habeas is not a substitute for direct appeal) is not an adequate and independent procedural bar is without merit. *Johnson*, 830 F.2d at 511–12; *see, supra* at 11–12.

Regarding ineffective assistance as cause—ineffective assistance of counsel may be sufficient to establish "cause" to excuse a default. *See Edwards*, 529 U.S. at 451 (2000); *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 480 (E.D. Va. 2005).

> [W]here a petitioner for federal habeas relief seeks review of claims defaulted during state habeas proceedings, he must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it. *Edwards*, 529 U.S. at 452–53.

*Powell*, 531 F. Supp. 2d at 723 (emphasis added). In the context of this proceeding, however,

13

Biro's assertion of ineffective assistance of counsel cannot serve as cause not only because it has no merit, as counsel expressly advised him the dispositional plea agreement would result in procedural default, but also because, as noted in *Powell*, he never raised a claim of ineffective assistance of counsel during state habeas. Further, the "cause" of Biro's default was not external—and Biro ignores the fact that his dispositional agreement benefited him greatly in that three convictions were dismissed and he obtained a cap on the sentences to be imposed on the remaining three convictions. He could have been sentenced to up to ten years in prison for each of the threat to burn convictions that were *nolle prossed*, and up to twelve months in prison for the obstruction of justice conviction that was *nolle prossed*. Lastly, there was nothing novel about Biro's case.[18]

Biro's assertion of actual innocence has no merit. Such a claim must be based on new evidence suggesting "factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and "must be based on reliable evidence not presented at trial," *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).[19] Finally, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup*, 513 U.S. at 329. Here, Biro does not offer any new evidence in support of his legal

---

[18] In the context of an appellate waiver, the Court considers: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). Biro's federal claims are within the scope of his waiver, which the state court found was freely and voluntarily made, CCT at 87, and he acknowledged in his state habeas pleadings that counsel had expressly advised him that the appellate waiver would result in the default of "factual and procedural issues." ECF 25-5 at 61. While an ineffective assistance of counsel claim might implicate the voluntariness of the appeal waiver and the miscarriage of justice question, *see Hahn*, 359 F.3d at 1327, such a claim must be brought in a collateral proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review . . . [and] [t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."); *see also United States v. Patino*, 150 F. App'x 453, 456 (6th Cir. 2005) (finding appellate waiver in plea agreement barred appeal claiming violation of Speedy Trial Act).

[19] *See, e.g.*, *Keller v. Larkins*, 251 F.3d 408, 415-16 (3d Cir. 2001) ("To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence.") (citations omitted).

arguments, and instead simply argues that he "is innocent of assault because he was defending himself; innocent of violating a protective order because he was legally defending himself from a false allegation; and innocent of obstructing justice because he was having a panic attack when being wrongfully arrested which in no way obstructed justice." ECF 34 at 10. Biro's conclusory arguments do not satisfy *Schlup*.

Moreover, while the record in this case does not contain the transcripts of the trial and sentencing proceedings—no such transcripts were prepared because there was no direct appeal[20] —the record, nonetheless, includes the videotapes of the assault and battery of the law enforcement officer; photographs of the injuries to law enforcement officer; the video tape of the obstruction, i.e. statements made to the sheriff's deputy; and the post-trial report that references the evidence at trial and contains admissions by Biro that are relevant to each of his convictions. CCT at 122, 123–24, 237–240.[21]

To be convicted of the assault and battery of a law enforcement officer, the prosecution had to prove "[t]hat [Biro] committed an assault and battery against [Deputy] Love; and [t]hat [Biro] knew or had reason to know, when he committed the assault and battery that Deputy Love was a law-enforcement officer; and [t]hat Deputy Love was engaged in the performance of his

---

[20] The record does contain a mental health report prepared after trial that summarizes the trial evidence and Biro's explanations for his behavior. CCT 15-53. His statements to the Licensed Clinical Psychologist admit he emailed the victim covered by the protective order; that his statements and conduct on March 15, 2021, that resulted in the obstruction conviction were the result of "panic and fear"; and that the April 7, 2021, assault of the officer resulted from his anger about his case being delayed and explains that he acted reflexively when the deputy grabbed his arm. CCT at 150-55. In short, he admitted that he intended all of the conduct that the prosecutor relied upon to obtain his convictions. *Id.* at 597. As noted above, Biro defaulted his claim of sufficiency in state court, which precludes federal habeas review of that issue. *See, e.g.*, *Justus v. Murray*, 897 F.2d 709, 711 (4th Cir. 1990) (affirming district court's finding that habeas claim "concerning the sufficiency of the evidence" supporting petitioner's death sentence was procedurally defaulted under rule of *Slayton v. Parrigan*, 205 S.E.2d 680 (1978), because it was not raised on direct appeal). *Kinnard v. Kelly*, No. 1:09cv1115, 2010 U.S. Dist. LEXIS 157175 (E.D. Va., Aug. 24, 2010), *appeal dismissed*, 411 F. App'x 628 (4th Cir. 2011).

[21] The record also contains transcripts of several pretrial proceedings: January 7, 2022, hearing, CCT at 212–96 (Motion to Suppress, Deputy Frye testified); October 28, 2021, hearing, *id.* at 297–341 (discussions of mental health evaluation and how it may impact speedy trial); August 24, 2021, hearing, *id.* at 355–450 (discussions of scheduling mental health evaluation, and motion to dismiss alleging violation of *Brady* and discovery order); July 22, 2021, hearing, *id.* at 451–97 (motion to quash defense's subpoenas); and May 5, 2021, preliminary hearing, *id.* at 742–850 (Deputies Frye and Love testified).

public duties as a law-enforcement officer at the time the defendant committed the assault and battery." CCT at 167 (Instruction No. 10). The video of the assault shows that Biro made an obscene gesture while Deputy Love, in uniform, was escorting him out of the courtroom. Biro admits Deputy Love ordered him to lower his arm and that after complying, he again raised his left hand and made the offensive hand gesture a second time. Deputy Love took hold of Biro's arm after the second gesture and secured him against the wall in order to apply handcuffs, and that Biro resisted the deputy's efforts. Deputy Love did not "slam" Biro into the wall, but pressed him against the wall to gain control over him while opening the door to exit the courtroom. The blow Biro inflicted upon Deputy Love injured Deputy Love's nose and chipped his tooth. CCT at 228–36 (Commonwealth's Ex. Nos. 3 through 7). The evidence established each of the elements of the offense.

To be convicted of violating a protective order, the prosecution had to prove "[t]hat a protective order was issued; . . . the protective order was served on [Biro]; and [t]hat [Biro] knowingly violated any provision of the protective order." CCT at 164 (Instruction No. 7). Biro admitted that he had been served with the protective order and that he had posted the item in question online to Snapchat.[22] Biro's post on Snapchat occurred after the protective order was issued and served, which establishes that he knew the protective order prohibited him from making direct contact with or threatening the victim covered by the protective order, and that he was trying to be "inflammatory." *Id.* at 121–22. Biro attempted to mitigate his conduct after trial explaining that his post online was not a threat, but simply his "opinion" on what could happen. *Id.* Lastly, Biro admitted that he emailed the victim covered by the protective order because he did not have stamps. *Id.* at 123. The prosecution established the required elements.

To be convicted of obstruction of justice, the prosecution had to prove "[t]hat [Biro] by

---

[22] The post reads as follows: "Tim Flynn is probably gonna get shot while getting carjacked by those n_____ he lives [sic] so much. How he gets gut shot and wither around like a little b_____." *Id.* at 170.

threats; [k]nowingly attempted to intimidate Deputy Ashley Frye; and [t]hat at the time Deputy Frye was a law enforcement officer lawfully engaged in her duties." CCT at 165 (Instruction No. 8). The video of his interaction with Deputy Frye established that—Biro threatened her while she was transporting Biro and again later while Deputy Frye was processing his warrants; that, by his words and actions, including resisting her efforts to have him remain seated while she was processing the warrants, he interfered with the performance of her duties; and that Deputy Frye was in uniform and had transported him to the jail in a marked police cruiser. CCT at 191–95 (Commonwealth Ex. Nos. 1, 2). The prosecution established the required elements. Biro has failed to establish cause to excuse his defaults and his claims will be dismissed with prejudice because each is defaulted under an adequate and independent state law ground. *See supra* at 10–13.

## V.  Conclusion

The claims set forth in the federal petition, as amended, are defaulted. Accordingly, the Respondent's motion to dismiss (ECF 24) will be granted; and Biro's motions to appoint counsel (ECF 35), to have the transcripts prepared (ECF 41), and to expedite the decision in this case (ECF 44) will be denied.[23] An Order will follow.

/s/
Michael S. Nachmanoff
United States District Judge

August 21, 2024
Alexandria, Virginia

---

[23] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.